UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04381-JVS (MLGx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | United States of America v. $1,026,781.61 in Funds From Florida Capital Bank | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge | |
|---|---|---|
| Terri Steele | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**  In Chambers: Order Denying Without Prejudice Claimants' Request for Disclosure of Grand Jury Transcripts

This is an in rem civil forfeiture proceeding in which the Government seeks to establish that the defendant currency, claimed by Lonnie Kocontes and Katherine Kern, is subject to forfeiture because Kocontes obtained the funds as a result of murdering his then-wife, Micki Kanesaki, on a cruise ship off the coast of Italy in May 2006.

On November 8, 2011, the Court granted Claimants' motion to compel production of answers to requests for admissions, answers to interrogatories, and for production of documents. It was ordered that production be made no later than November 29, 2011, except for that material for which a separate court order was required, such as grand jury material. On November 28, 2011, Plaintiff's ex parte application to continue production to January 17, 2012, was denied. On November 29, 2011, the Court granted an extension of time to January 6, 2012, in which to produce the grand jury material only. On December 27, 2011, Plaintiff filed another ex parte motion to continue the deadline for production to March 1, 2012. That motion was denied on January 3, 2012.

The parties dispute whether the November 8, 2011 Order encompasses the production of transcripts of grand jury testimony arising from the criminal investigation into Micki Kanesaki's death. Claimants filed a letter brief addressing this issue on January 27, 2012, and on February 1, 2012, Plaintiff filed a response. Claimants contend that Request for Production of Documents Nos. 1 through 3 contained in Claimant Kocontes's Second Request for Production of Documents, although not directly requesting grand jury transcripts, are broad enough to encompass the production of those documents. Plaintiff contends that it should not have to produce grand jury transcripts because the rule of secrecy established by Fed. R. Crim. P. 6(e) prevents the disclosure in civil discovery of grand jury transcripts without a showing of particularized need, and Claimants have failed to make that showing.

A court may authorize disclosure of "a grand jury matter ... preliminarily to or in connection with a judicial proceeding." Fed. Rule Crim. P. 6(e)(3)(E)(i). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-04381-JVS (MLGx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | United States of America v. $1,026,781.61 in Funds From Florida Capital Bank | | |

As a preliminary matter, the Court notes that although Requests for Production Nos. 1 to 3 of Claimant Kocontes' Second Request for Production of Documents could be construed as broad enough to encompass grand jury transcripts, those requests are not sufficiently specific so as to put Plaintiff on notice that Claimants were seeking the transcripts of grand jury testimony. Therefore, Claimants' contention that Plaintiff has waived any claim of privilege based on untimeliness is rejected.

Claimants also argue that there is no longer any need for secrecy because the grand jury proceedings were concluded without the return of an indictment. However, the Supreme Court in *Douglas Oil* held that a party seeking grand jury transcripts must demonstrate a particularized need for the information "even when the grand jury whose transcripts are sought has concluded its operations ...." *Id.*; *see also United States v. Plummer*, 941 F.2d 799, 806 (9th Cir. 1991) ("The importance of secrecy in grand jury proceedings extends to the effect on future grand juries, not just the particular grand jury involved, which may have completed its proceedings long before a defendant's request for transcripts.").

Claimants assert that they have demonstrated a particularized need for the grand jury transcripts because these materials would help to refresh witness recollection during depositions. The Ninth Circuit has held that the "need to impeach testimony or refresh recollection during depositions can establish a compelling need for disclosure." *United States v. Fischbach and Moore, Inc.*, 776 F.2d 839, 845 (9th Cir. 1985). "However, in order to attain disclosure of grand jury transcripts for use in taking depositions the party seeking disclosure still must meet the *Douglas Oil* standard by demonstrating that his need for disclosure outweighs the interest in secrecy of the grand jury process and that his request for disclosure is tailored to cover only the material needed." *Id.*

Here, Claimants have failed to show, as required under *Douglas Oil*, that the grand jury transcripts are needed to avoid a possible injustice, that the need for disclosure is greater than the need for secrecy, and that only the relevant parts of the transcript will be disclosed. The fact that the grand jury transcripts might help to refresh witness recollection at deposition does not, without more, qualify as a compelling need which overrides the need for grand jury secrecy.[1]

Accordingly, Claimants' request for production of grand jury transcripts is **DENIED WITHOUT PREJUDICE**. If Claimants are able to articulate a particularized need for the grand jury transcripts, they may bring a Motion to Compel.

Initials of Clerk    ts

---

[1] The important interests protected by the secrecy of grand jury proceedings include "encouraging witnesses to come forth voluntarily and to testify fully and frankly, reducing the possibility that those under investigation will flee or attempt to influence grand jurors' votes, and protecting accused, but exonerated individuals from public ridicule." *Plummer*, 941 F.2d at 806, n.4 (citing *Douglas Oil*, 441 U.S. at 219).