O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>$1,026.781.61 IN FUNDS FROM FLORIDA CAPITAL BANK,<br><br>　　　　　　Defendant. | Case No. CV 09-04381-MLG<br>　and related case,<br>Case No. SACV 09-00716-MLG<br><br>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART CLAIMANTS' MOTION FOR ATTORNEY FEES |

**I. Introduction**

On November 20, 2012, in this civil forfeiture proceeding initiated by the United States, the Court entered an Opinion and Order granting the motion for summary judgment brought by Claimants Lonnie Kocontes and Katherine Kern. *See U.S. v. $1,026,781.61 in Funds from Florida Capital Bank,* Nos. SACV 09-04381-MLG, SACV 09-00716-MLG.[1] On January 8, 2013, Claimants filed a motion for award of attorney fees pursuant to 28 U.S.C. § 2465(b)(1)(A).

Claimants seek a total award of more than $800,000.00 which consists of the following: (1) approximately $565,000 in fees for David Michael and Edward Burch, Claimants' current attorneys, using a standard

---

[1] The parties are familiar with the facts and procedural history of this case, and only the relevant portions will be repeated here.

lodestar analysis and enhancing that lodestar figure by 2.0, plus $22,550.92 in costs incurred; (2) $65,000 for work by John Cogorno and Lynne Patterson of Mendoza & Associates, Claimants' attorneys from July 2009 to June 2011; (3) $100,073.51 in fees and costs incurred by the Law Office of Mark Werksman, Claimants' original attorney; and (4) $74,266.35 in costs paid to private investigator Susan McQueen. (Claimants' Reply at 1.)

The Government concedes that Claimants are entitled to recover reasonable attorney fees, but argues that the amount Claimants seek is excessive and inadequately documented, and should therefore be reduced.

**II.   Discussion**

   **A.   The Civil Asset Forfeiture Reform Act**

The Civil Asset Forfeiture Reform Act ("CAFRA") provides, in pertinent part, "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for—(A) reasonable attorney fees and other litigation costs reasonably incurred by the claimant. . . ." 28 U.S.C. § 2465(b)(1)(A). Here, where the Court granted Claimants' Motion for Summary Judgment, it is undisputed that Claimants "substantially prevailed" and are therefore entitled to recover reasonable attorney fees.

   **B. The Amount of Fees Requested**

      **1. Lodestar Legal Standard**

Attorney fees under CAFRA are calculated using the lodestar method. *United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 755 (9th Cir. 2011). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a

reasonable hourly rate." *Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Henslev v. Eckerhart*, 461 U.S. 424, 437 (1983).

The court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). "[H]ours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds,* 808 F.2d 1373 (1987). The court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, and the attorney's expertise and experience. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998); *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975).

Once the court has established the number of hours reasonably expended, it must determine a reasonable hourly rate. Under CAFRA, the moving party "must show that the hourly rates charged are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *United States v. $60,201.00 U.S. Currency,* 291 F.Supp.2d 1126, 1130 (C.D. Cal. 2003) (quoting *Sorenson*, 239 F.3d at 1145). "[A]ffidavits of the [claimants'] attorney[s] and other attorneys regarding prevailing fees in the

community, and rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal citation and quotation marks omitted). Additionally, the actual fee agreement can be considered when determining a reasonable rate. *$186,416.00 in U.S. Currency,* 642 F.3d at 755.

In arriving at an appropriate attorney fee award, district courts must "show their work" with respect to calculations and "specify reasons" for not awarding costs. *Padgett v. Loventhal*, No. 10-16533, 2013 WL 491024, at *6-7 (9th Cir. Feb. 11, 2013.)

### 2. Michael and Burch

#### a. Reasonable Hourly Rate

Michael and Burch began representing claimants on June 20, 2011. (Doc. 67.) Claimants contend that rates of $600 per hour for Michael and $300 per hour for Burch are reasonable. (Mot. for Fees at 3, 12-14.) They explain that as a civil forfeiture case involving allegations of homicide, this case presented unusual circumstances requiring specialized knowledge, experience, and skill. Claimants argue that Michael's high fee is appropriate given his approximately twenty years of experience bringing federal and state forfeiture cases. They have produced declarations stating that $600 per hour is indeed a reasonable rate for experienced forfeiture attorneys in California. (Decl. of Attorney David M. Michael ("Michael Decl."), Ex. 2 at 4-5, Ex. 3 at 2.) They also contend that $300 per hour is a reasonable rate for Burch as a junior attorney. (Declaration of Edward M. Burch ("Burch Decl.").) The Government responds that Michael's experience does not justify such a high hourly rate, which is unreasonable in light of the current economic climate. (Opp. at. 7-11.)

1    The Court is persuaded by Claimants arguments that $600.00 per hour
2 is an appropriate rate for Michael. This rate is within the range
3 recognized as reasonable by other decisions in civil forfeiture actions
4 in California, and is consistent with recognized rates for attorneys
5 with Michael's years of experience more generally. *See, e.g., United
6 States v. One 2008 Toyota Rav 4 Sports Utility Vehicle,* No.
7 2:09-cv-05672, 2012 WL 5272281, at *12-13 (C.D. Cal. Oct. 18, 2012)
8 (discussing evidence showing that experienced civil forfeiture attorneys
9 in the Los Angeles legal community customarily charge between $450 and
10 $650 per hour, and concluding that $450, rather than the $500 requested,
11 was a reasonable rate for the experienced attorney in a simple
12 forfeiture case); *United States v. $17,700.00 in U.S. Currency,* No. 08-
13 4518, Doc. 53 (C.D. Cal. Dec. 19, 2008) (order granting claimant's
14 motion for attorney fees, finding that a rate of $550 in 2008 is
15 reasonable for an experienced civil forfeiture attorney in Los Angeles);
16 *see also Bond v. Ferguson Enters., Inc.*, No. 1:09-cv-1662, 2011 WL
17 2648879 at *11-13 (E.D. Cal. June 30, 2011) (discussing Laffey Matrix
18 which reflects an 8-10 year lawyer rate of $522 and a 20+ year lawyer
19 rate of $709). Though Michael's rate is at the high end, this is
20 justified by his extensive civil forfeiture experience and the
21 complexity of the present case. Additionally, the Government concedes,
22 and the Court finds, that $300 per hour is a reasonable rate for an
23 attorney with Burch's experience. (Opp. at 9.)

### b. Reasonable Hours

25    The Government argues the number of hours should be reduced because
26 there is duplication of tasks by Burch and Michael, inadequate
27 documentation of the hours spent and tasks performed, and entries that
28 reflect clerical work. (Opp. at 12-19.)

The Court has reviewed Michael and Burch's time entries and does not observe duplication of tasks or inadequate explanation of the tasks performed. However, many of Burch's entries include clerical activities. Activities that can be classified as secretarial or clerical in nature generally cannot be recovered as attorney's fees under the lodestar methodology. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (disallowing recovery for research regarding filing procedures, obtaining transcripts, assembling and organizing documents pertaining to exclusion of evidence, and other "clerical tasks"); *Jones v. Metro. Life Ins. Co.*, 845 F.Supp.2d 1016, 1027 (N.D. Cal. 2012) (disallowing recovery for "filing or retrieving electronic court documents or copying"); *Keith v. Volpe*, 644 F.Supp. 1312, 1315–16 (C.D. Cal. 1986) (disallowing recovery for time spent on organizing, transporting, tagging, or copying documents). Here, Burch's following entries, among others, include clerical tasks: "court copies to goldman . . . e-file, courtesy copy of supp brief" on 9/14 and 10/5/11; "chambers copies to goldman of all msj docs and exhibits" on 8/5 -6/12; "e-file and chambers copy" on 9/26/12; and "Change of Address Notice . . . eFile, print chambers copies" on 10/19/12. (Supp. Burch Decl. Ex. 1.) These clerical tasks are listed as part of bulk time entries that include other tasks, and thus it is not possible to separate out the length of time Burch spent on each clerical task. Reviewing Burch's time entries as a whole, it is appropriate to reduce the total hours spent by 10% to account for the time spent on clerical tasks.

Accordingly the Court finds that Michael's 286.6 hours and Burch's 334.125 hours (the 371.25 requested less 10%), is a reasonable amount of time.

//

### c. Costs Incurred by Michael and Burr

Plaintiff seeks costs incurred by Michael and Burch in the amount of $22,550.92. (Supp. Burch Decl. at Ex. 2.) The costs include various copying and mailing charges, translation service fees, and fees for the services of five experts. Claimants explain that the services provided by three of the experts, Dr. Terri Haddix, Dr. Sabir Bhimji, and Dr. Scott Plantz, which included evaluating the autopsy report, were crucial in undermining the Government's theories about the homicide. (Claimants' Reply Brief at 20.) However, Claimants do not provide any explanation of the services provided by Dr. David M. Posey and Dr. Bill Smock. When asked about these experts at the hearing held on February 19, 2013, Michael could not recall whether he had retained these experts nor anything about the services they provided. Accordingly, the $4,558.88 total in fees and expenses related to their services will not be awarded. The remaining costs of $17,992.04 will be awarded, as they appear reasonable and appropriately documented.

### d. Multiplier

After calculating the lodestar, the Court must determine whether this is one of the "rare circumstances" in which the lodestar must be adjusted upward or downward by an appropriate multiplier because it "does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. Ex rel. Winn,* 559 U.S. 542, 130 S.Ct. 1662, 1673 (2010). Here, Claimants seek a multiplier of 2.0 of the lodestar figure for Burch and Michael based on the undesirability of the case, the fact that the case was taken on contingency fee, and the Government's unnecessary protraction of the litigation. (Mot. for Fees at 14-18.)

//

The Supreme Court has noted that an enhancement may be appropriate if the litigation is "exceptionally protracted." *Perdue,* 130 S.Ct. at 1674. Here, while there were some delays due to the government's discovery-related dilatory conduct, they did not result in "exceptional" delay overall. As the Government notes in its Opposition, prior to the entry of summary judgment, the trial was still scheduled to take place on January 15, 2013, the date originally set by District Judge Selna just prior to the parties' consent to proceed before a magistrate judge. (Doc. 163.) Furthermore, Michael and Burch did not begin to represent Kocontes until June 20, 2011, and therefore were not affected by any delays prior to that date.

Regarding the factors of undesirability and contingency, the Ninth Circuit has stated that the district court should apply a multiplier "when the fee applicant establishes that the prevailing party would have faced 'substantial difficulties' in finding counsel without an adjustment for risk and that it is difficult to find counsel for this class of contingency fee cases." *Fischel v. Equitable Life Assur. Soc'y of the United States,* 307 F.3d 997 (9th Cir. 2002) (citing *Fadhl v. City & Cnty. of San Francisco*, 859 F.2d 649, 650 (9th Cir. 1988) (per curiam)). Here, Claimant Kocontes has submitted a declaration outlining his difficulty finding counsel. (Declaration of Lonnie Kocontes ("Kocontes Decl.") at 3; *see also* Michael Decl. Ex. 2 at 7.) However, the fact that Kocontes was able to quickly secure three sets of counsel throughout the course of these proceedings undermines this contention.

Nor is the Court persuaded that a multiplier is warranted by the factors that Claimants contend made the case undesirable. (*See* Mot. for Fees at 14-15.) The difficulty of the case, including the fact that it involved a homicide and foreign documents, is reflected in the high

hourly rates awarded to Burch and Michael, which may not have been appropriate in a more straightforward proceeding. Likewise, fees were awarded for the extra time Michael and Burch were required to spend organizing the complex discovery material and obtaining translations. As these factors were already taken into account in the lodestar calculation, they do not warrant an upward adjustment. *See Perdue,* 559 U.S. at 542.

### e. Total Amount for Michael and Burch

Thus, Claimants are entitled to an award of attorney fees for the services of Michael and Burch in the amount of $272,197.5,[2] plus costs of $17,992.04, for a total of $290,189.54. This number is appropriate for the reasons discussed above. Additionally, it is reasonable in light of the fee agreement prepared by Burch and Michael, though never signed by the Claimants. *See $186,416.00 in U.S. Currency,* 642 F.3d at 755 (fee agreement can be considered when determining a reasonable fee under the lodestar approach). This document provided that Claimants would pay a $9,000 flat fee plus a contingency fee of one third of the net recovery if obtained at or after the filing of a motion for summary judgment or trial, with an amount not to exceed $250,000. (Reply at 2.) Under this agreement, the clients would not have had to pay more than $250,000 in fees, even if the case had progressed through trial. Here, where the case was resolved on summary judgment, it would be anomalous to grant an award of fees far higher than what the clients were obligated to pay if the case had concluded successfully after trial.

### 3. John Cogorno and Lynne Patterson

Claimants retained John Cogorno and Lynne Patterson of Mendoza &

---

[2] This number is the sum of Michael's 286.6 hours at a rate of $600 per hour, and Burch's 334.125 hours at a rate of $300 per hour.

Associates in July 2009, and discharged them in June 2011, based on the belief that they were not handling the case effectively. (Mot. for Fees at 2.) Claimants claim that they paid a flat fee of $65,000 to Mendoza & Associates, and contend that they have no way of ascertaining any time sheets that Cogorno or Patterson may have kept. (Reply at 2.) However, "[t]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The fact that Claimants actually paid Mendoza & Associates $65,000 does not alleviate Claimants' burden of showing the reasonableness of these fees. Here, there is no evidence in the record from which the Court can determine whether the rates charged and time spent by Cogorno and Patterson were reasonable. Instead, Kocontes's declaration, which details the poor quality of the work performed by these attorneys, supports a finding that the fees charged were unreasonable. (Kocontes Decl. at 2-3.) Accordingly, Claimants are not entitled to an award of fees paid to Cogorno and Patterson.

### 4. Mark Werksman

Claimants were initially represented by the law office of Mark Werksman when the government seized the defendant properties in 2008. Because Claimants came to believe that Werksman was not dedicating adequate energy and resources to the case in light of what he was charging, Claimants discharged Werksman in July 2009. Invoices and correspondence indicate that Claimants paid Werksman $95,739.38 in fees,[3] and $4,334.13 in costs. (Mot. for Fees at 1; Kocontes Decl.)

Claimants have not demonstrated that the $100,073.51 total amount

---

[3] This amount consists of a $41,497 retainer plus work from various attorneys billing at rates ranging from $450 to $575 per hour, with the majority of the work being billed at $575 per hour. (Kocontes Decl. Exs. 2, 3.)

was reasonable. Regarding the number of hours expended, Werksman's time entries, along with the termination letter dated June 15, 2009, make clear that many of the hours billed were for work on Kocontes's criminal cases. (Kocontes Decl., Exs. 1-4.) Claimants are not entitled to attorney fees for such matters. *See United States v. Certain Real Property,* 579 F.3d 1315, 1319 (11th Cir. 2009) (concluding that the fees incurred in defense of a related criminal action cannot be recovered under CAFRA). Furthermore, Claimants have not shown that Werksman's hourly rate of around $575 per hour was reasonable. Kocontes's declaration itself states that he believed he was being overcharged by Werksman, and Claimants have not offered any evidence to support the reasonableness of Werksman's rate. Indeed, given that Michael's high hourly rate is based on his recognition as an expert in the field of civil forfeiture, it would be anomalous to deem a similar rate for an attorney with no such demonstrated qualifications to be reasonable. Finally, Claimants have not adequately shown the basis for the costs, nor that they were reasonable.

As Claimants have failed to meet their burden of demonstrating that the $100,073.51 sought is a reasonable amount, and have not otherwise demonstrated that some lesser amount would be appropriate, they are not entitled to a fee award for the services of Mark Werksman.

### 5. Costs for the Services of Investigator Susan McQueen

Claimants seek a total of $74,266.35 paid to private investigator Susan McQueen, who independently investigated the death of Micki Kanesaki. (Supp. Kocontes Decl. Ex. 1.) The total amount consists principally of a $50,000 retainer and reimbursements for expenses McQueen incurred on trips to Italy. (Supp. Kocontes Decl. Ex. 1.)

Claimants have failed to demonstrate that the $74,266.35 paid to

11

McQueen was reasonable. Claimants have not provided sufficient explanation for why it was necessary for McQueen to make multiple trips to Italy. It does not appear that McQueen obtained any materials that were not otherwise produced by the Government in discovery; nor does it appear that her investigative work was otherwise beneficial to Claimants' position in this forfeiture action. Under these circumstances, Claimants have not met their burden of showing they are entitled to an award of costs for McQueen's services.

**III. Conclusion**

Accordingly, for the reasons set forth above, it is ordered that Plaintiff pay Claimants' their attorney fees and costs in the amount of $290,189.54. In view of the order staying judgment pending appeal entered this date, this order shall also be stayed.

DATED: March 1, 2013

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge