O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,,<br><br>            Plaintiff,<br><br>     v.<br><br>$1,026,781.61 IN FUNDS FROM FLORIDA CAPITAL BANK,<br><br>            Defendant. | Case No. CV 09-04381-MLG<br>     and related case,<br>Case No. SACV 09-00716-MLG<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR STAY PENDING APPEAL |

**I. Introduction**

On November 20, 2012, in this civil forfeiture proceeding initiated by the United States, the Court entered an Opinion and Order granting the motion for summary judgment brought by Claimants Lonnie Kocontes and Katherine Kern. *See U.S. v. $1,026,781.61 in Funds from Florida Capital Bank,* Nos. SACV 09-04381-MLG, SACV 09-00716-MLG.[1] On January 17, 2013, the Government filed a notice of appeal. Presently before the Court is the Government's motion to stay the November 20, 2012 judgment pending the outcome of the appeal.

//

//

---

[1] The parties are familiar with the facts and procedural history of this case, and only the relevant portions will be repeated here.

**II. Discussion**

28 U.S.C. § 1355, which grants subject matter jurisdiction to district courts in civil forfeiture actions, provides in pertinent part:

> In any case in which a final order disposing of property in a civil forfeiture action or proceeding is appealed, removal of the property by the prevailing party shall not deprive the court of jurisdiction. Upon motion of the appealing party, the district court or the court of appeals shall issue any order necessary to preserve the right of the appealing party to the full value of the property at issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond.

§ 1355(c).[2] The court is unaware of any Ninth Circuit authority addressing the appropriate standard to apply in determining whether to grant a stay under § 1355(c). Although the statute contains seemingly mandatory language, courts deciding this issue in other circuits have

---

[2] The Government vigorously argues that Fed. R. Civ. Pro. 62 applies here instead of § 1355(c), and that it entitles the Government to a stay as a matter of right. However, it is a recognized principle of statutory construction that "[w]here two statutes conflict, the later-enacted, more specific provision generally governs." *United States v. Juvenile Male,* 670 F.3d 999 (9th Cir. 2012); *see also Gozlon-Peretz v. United States*, 498 U.S. 395, 407 (1991). Thus, 28 U.S.C. § 1355, which governs forfeiture actions explicitly and was enacted in 1992 subsequent to Rule 62, controls the issue of a stay in this action over the general provisions of Rule 62. *See* Pub. L. 102-550. While the Government has cited one unpublished district court decision that applied the automatic stay provisions of Rule 62 in a civil forfeiture case subsequent to the enactment of § 1355, the decision does not discuss § 1355(c) and is not persuasive on this issue. *See United States v. Route 7, Box 7091, Chatsworth, Ga.*, No. 4:93-CV-0335, 1997 WL 412477 (N.D. Ga. April 4, 1997). A second unpublished case cited by the government, *United States v. One Parcel of Prop. Located at 32 Medley Lane, Branford, Conn.*, No. 3:01CV2290, 372 F.Supp.2d 248 (D. Conn. May 31, 2005), applied Rule 62(c), which governs injunctions, thereby impliedly finding that a forfeiture award is not a money judgment governed by the automatic stay provisions of Rule 62.

uniformly found that § 1355(c) does not necessarily mandate a stay in every case; rather, the usual four-part test for determining whether to grant a stay pending appeal also applies under § 1355(c). *See United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996); *In re All Funds in Accnts. in Names Registry Pub., Inc.*, 58 F.3d 855, 856 (2d Cir. 1995); *U.S. v. $1,399,313.74 in U.S. Currency*, 613 F.Supp.2d 433, 435 (S.D.N.Y. 2009); *United States v. Fourteen Various Firearms*, 897 F.Supp. 271, 272 (E.D. Va. 1995); *United States. v. 2001 Honda Accord EX VIN #1HGCG22561A035829*, No. Civ.A. 3:02-CV-0831, 2003 WL 1339957 at *2 (M.D. Pa. March 18, 2003); *United States v. 1993 Bentley Coupe, et al.*, No. Civ.A. 93-1282, 1997 WL 803914, at *1 (D.N.J. Dec. 30, 1997). Thus, courts determining whether to grant a stay under § 1355(c) consider: (1) the likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury if a stay is denied; (3) whether the opposing party will suffer substantial injury if a stay is issued; and (4) the public interest. The Court will examine these factors to determine whether a stay is appropriate here.[3]

**A. Likelihood of Success**

The first factor, the likelihood of success on appeal, "does not require the trial court to change its mind or conclude that its

---

[3] The Government argues that the plain language of § 1355(c) requires a stay whenever assets can be easily disposed of, and that therefore applying the four-part test is inappropriate. However, as discussed, none of the cases addressing this issue have found § 1355(c)'s language to be mandatory. Indeed, *United States v. $14,876.00 U.S. Currency*, No. CIV. A. 97-1997, 1998 WL 37519 (E.D. La., Jan. 29, 1998), which the Government cites in support of its position, merely states that the language of § 1355(c) "seems" mandatory, notes that the Fifth Circuit had not yet decided which standard to apply under 1355(c), and then concludes that a stay would be appropriate in the case even applying the four-part test. (*Id*. at *2).

determination on the merits was erroneous." *Fourteen Various Firearms*, 897 F.Supp. 271 at 273 (quoting *St. Agnes Hosp. v. Riddick*, 751 F.Supp. 75, 76 (D. Md. 1990)). Rather, the court must determine whether there is a strong likelihood that the issues presented on appeal could be rationally resolved in favor of the party seeking the stay. *Id.*

Here, the Court's decision to grant summary judgment rested on the determination that the evidence did not give rise to a genuine issue of material fact as to whether Claimant Kocontes murdered his companion, Micki Kanesaki. The Court is unconvinced by the Government's arguments that the Court applied an erroneous legal standard, improperly excluded evidence, or improperly made factual determinations. (*See* Mot. to Stay at 7, Ex. B.) Nevertheless, the Court recognizes that reasonable minds could differ on the question of whether the Government presented sufficient circumstantial evidence to give rise to a genuine issue of material fact as to whether Kocontes murdered Kanesaki. Accordingly, this first factor weighs in favor of granting a stay.

**B. Irreparable Injury to the Moving Party**

The Government argues that it will suffer irreparable injury if a stay is not granted because Claimants will dissipate the assets, and/or may transfer the assets abroad, making them more difficult to recover. (Mot. for Stay at 7; Reply at 11.) Claimants do not deny that if the assets are returned, they intend to begin spending the seized funds. They explain that the seized assets are needed for living expenses and legal fees related to Kocontes's recent arrest. (Kocontes Decl.)

The Court therefore finds that if no stay is granted and the Government is successful on its appeal, the Government will be irreparably harmed because Claimants will likely have dissipated a large portion of the assets by that time. Accordingly, this factor weighs

heavily in favor of granting a stay.

**C. Injury to the Opposing Party**

Claimants argue that the seized funds are needed for living expenses, explaining that Claimant Kocontes has been able to secure only sporadic work as an attorney, and that Claimant Kern works only part time as a janitor. (Kocontes Decl. at 2.) They also explain that the funds are needed for legal expenses in connection with the civil forfeiture litigation; that they have incurred nearly $100,000 in debt; that their three vehicles are in need of repair; that they purchase clothing from thrift stores; and that they need to properly maintain their home and its lawn. (Kocontes Decl. at 3.) Additionally, at the hearing held on February 19, 2013, Claimants explained that due to the post-judgment arrest of Claimant Kocontes by California state authorities on charges that he murdered Micki Kanesaki, the funds are needed for legal fees in connection with these criminal proceedings.

These are not the type of injuries that courts have found to be sufficient to outweigh the Government's interest in a full recovery if it prevails on appeal. Courts have found such injury to be present where businesses would be ruined if a stay were to be granted, causing irreparable injury to many people. *See In Re All Funds,* 58 F.3d at 856 (denying motion for stay, even though the government might be unable to recover the funds, when granting stay would likely cause claimant companies to file for bankruptcy); *$1,399,313.74 in U.S. Currency*, 613 F.Supp.2d at 434-36 (denying motion for stay, despite risk that assets would be dissipated, where claimants needed funds in order to save their business and avoid laying off many employees). Here, in contrast, Claimants Kern and Kocontes are the only ones who will be affected by the stay, and there is no evidence of irreparable injury.

1    Claimants complain they are unable to afford certain nonessential
2 goods and services, such as nice clothing and upkeep on their gated
3 community home, but they are clearly not destitute. Both Kocontes and
4 Kern have been able to earn income, and there is no evidence they will
5 be unable to return to their desired lifestyle if they are to prevail
6 upon appeal. While Kocontes claims to be in need of the funds to pay
7 legal expenses in connection with the ongoing criminal proceedings, at
8 the hearing held on February 19, 2103, Claimant's counsel, David
9 Michael, stated that he would likely be representing Kocontes in
10 connection with his criminal proceedings. Moreover, if Kocontes is
11 unable to afford criminal counsel, he has a Sixth Amendment right to the
12 appointment of counsel.
13    Accordingly, this third factor does not substantially favor
14 Claimants.

**D. Public Interest**

16    The parties have not made any arguments with regard to how the
17 public interest would be affected by a stay. The Court finds no public
18 interest substantially weighing in favor of either granting or denying
19 a stay in this case.
20    Accordingly, a stay is appropriate under these circumstances. The
21 Government has shown that it will suffer irreparable injury if a stay is
22 not granted, and that it could prevail on appeal. On the other hand,
23 Claimants have not shown that they will suffer substantial harm,
24 sufficient to outweigh the Government's interests, if a stay is denied.
25 //
26 //
27 //
28 //

## III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Stay Pending Appeal is GRANTED.

DATED: March 1, 2013

_____
Marc L. Goldman
United States Magistrate Judge